**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GREGORY FOX | : | |
| | : | CIVIL ACTION NO. |
| *Plaintiff* | : | |
| v. | : | |
| | : | |
| | : | |
| MUILTICAM, INC. | : | |
| -and- | : | |
| JOHN DOES 1-5, FICTITIOUS | : | **JURY TRIAL DEMANDED** |
| DEFENDANT(S) | : | |
| | : | |
| *Defendant*s | : | |

## CIVIL ACTION COMPLAINT AND JURY DEMAND

### I.     PARTIES

1.      Plaintiff, Gregory Fox, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 2058 Maple Avenue, Apt. AA2-1, Hatfield, PA 19440.

2.      Defendant, MultiCam, Inc., was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of Texas, with a corporate headquarters and principal place of business located therein at 1025 West Royal Lane, DFW Airport, TX 75261.

3.      Defendants, John Does 1-5, Fictitious Defendant(s), are individuals, corporations and/or entities whose identities are not yet known to Plaintiff, but who designed, manufactured, apparently manufactured, sold, supplied, assembled, installed, inspected, repaired, serviced, modified, leased, maintained and/or distributed the subject MultiCam CNC Cutting Machine involved in Plaintiff's accident described herein.

## II.    JURISDICTION AND VENUE

4.       Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

5.       The amount in controversy in this action is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of costs and fees.

6.       Venue is proper in this district pursuant to § 1391 because a substantial part of the acts and/or omissions giving rise to the within claims occurred within the district and because Defendants are subject to personal jurisdiction within the district.

## III.    STATEMENT OF CLAIMS

7.       At all times relevant hereto, the Defendants acted by and through their respective agents, servants, employees, workmen, and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency, and/or service for the same and under the direct control of the Defendants.

8.       At all times prior to May 23, 2022, the Defendants, by and through their respective agents, servants, employees, workmen, and/or other representatives, were regularly engaged in the business of designing, developing, manufacturing, apparently manufacturing, distributing, inspecting, assembling, installing, marketing, licensing, maintaining, renting/leasing, providing safety recommendations and/or selling CNC Cutting Machines and other related equipment such as the subject MultiCam CNC Cutting Machine, Serial No. 3-405-R10036, involved in Plaintiff's accident, and the component parts thereto, including all instruction manuals and associated warnings. See Photograph of Subject Product attached hereto as Exhibit A; Photograph of "MultiCam" Label attached hereto as Exhibit B.

9.     On or about May 23, 2022, Plaintiff, Gregory Fox, was lawfully working in the course and scope of his employment with Cima Network, Inc. at its facility located at 121 New Britain Blvd. in Chalfont, PA, and was walking near the aforesaid MultiCam CNC Cutting Machine, which was operating, when, suddenly and without warning, an angular piece of metal ejected out from the MultiCam CNC Cutting Machine and struck Plaintiff's right arm, thereby causing him to sustain various severe, gruesome and permanent bodily injuries and losses as more fully set forth hereinafter.

10.     As depicted in the photograph of the subject product attached to this Complaint as Exhibits A and B, the subject MultiCam CNC Cutting Machine involved in Plaintiff's accident was affixed and/or otherwise labeled with Defendant MultiCam, Inc.'s name/trademark, "MultiCam" and symbol.

11.     Defendant, MultiCam, Inc., labeled the aforesaid MultiCam CNC Cutting Machine and/or allowed the aforesaid MultiCam CNC Cutting Machine to be labeled and sold with its name and/or trademark and/or symbol which readily identified Defendant, MultiCam, Inc., as the apparent and/or actual manufacturer of the product.

12.     As such, Defendant MultiCam, Inc. could reasonably expect end users and consumers to purchase the aforesaid MultiCam CNC Cutting Machine in reliance upon the reputation associated with Defendant MultiCam, Inc.'s name and Defendant MultiCam, Inc. put out the aforesaid MultiCam CNC Cutting Machine as its own product.

**COUNT I**
**GREGORY FOX v. MULTICAM, INC.**
**<u>PRODUCTS LIABILITY – STRICT LIABILITY</u>**

13.     Plaintiff hereby incorporates by reference paragraphs one (1) through twelve (12) of the within Complaint as though the same were fully set forth at length herein.

14.     Defendant, MultiCam, Inc., designed, manufactured, apparently manufactured, sold and/or placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d, 399 (Pa. 2014).  More specifically, the Defendant designed, manufactured, apparently manufactured, sold and/or placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

15.     Defendant, MultiCam, Inc., designed, manufactured, apparently manufactured, prepared, assembled, tested, maintained, promoted, marketed, inspected, assembled, licensed, distributed and/or sold the aforementioned MultiCam CNC Cutting Machine and/or its component parts, including all instruction manuals and associated warnings, which caused Plaintiff's accident and injuries.

16.     The accident described herein was caused solely and exclusively by Defendant's defective design, assembly, manufacture, apparent manufacture, licensing, distribution and/or sale of the aforesaid MultiCam CNC Cutting Machine and its component parts.

17.     Defendant is strictly liable to Plaintiff as follows:

(a) designing, manufacturing, apparently manufacturing, assembling, licensing, distributing and/or selling the subject MultiCam CNC Cutting Machine and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

(b) failing to properly design, manufacture, apparently manufacture, assemble, license, distribute and/or sell the subject MultiCam CNC Cutting Machine with durable component parts able to withstand normal use;

(c) failing to properly design, manufacture, apparently manufacture, assemble, license, distribute and/or sell the subject MultiCam CNC Cutting Machine and

its component parts to include an effective and durable safeguard to prevent the accident described above which caused Plaintiff's injuries;

(d) failing to properly equip the subject MultiCam CNC Cutting Machine and its component parts with appropriate safety mechanisms to prevent the accident described above which caused Plaintiff's injuries;

(e) failing to reasonably foresee that subsequent alterations may be made to the subject product, rendering the subject produce unreasonably unsafe to users,

(f) failing to properly design, manufacture, apparently manufacture, assemble, license, distribute and/or sell the subject MultiCam CNC Cutting Machine and its component parts to warn users of the potential for the type of accident described above which caused Plaintiff's injuries;

(g) creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(h) failing to exercise the requisite degree of care and caution in the design, manufacture, apparent manufacture, assembly, licensing, design, distribution and/or sale of the subject MultiCam CNC Cutting Machine and its component parts;

(i) failing to ensure that the subject MultiCam CNC Cutting Machine was safe and free from hidden defects;

(j) failing to properly inspect, test, identify and correct dangerous and defective conditions in the subject MultiCam CNC Cutting Machine;

(k) failing to ensure that the subject MultiCam CNC Cutting Machine and its component parts could be used in a manner which would not cause a danger to potential ordinary consumers/users of the product, such as the Plaintiff;

(l) failing to warn purchasers and end users of the dangers of the subject product;

(m) failing to take timely action to warn end consumers/users or otherwise remedy the defective design, manufacture and/or assembly of the subject product, which should have been known to the Defendant prior to the date of Plaintiff's accident;

(n) failing to use industry-recognized safety specifications in the design and manufacture of the subject MultiCam CNC Cutting Machine;

(o) embossing, affixing and/or otherwise labeling the subject MultiCam CNC Cutting Machine and its component parts with Defendant MultiCam, Inc.'s name/trademark "MultiCam" and symbol;

(p) allowing the subject MultiCam CNC Cutting Machine and its component parts to be embossed, affixed and/or labeled and sold with Defendant MultiCam, Inc.'s name/trademark "MultiCam" and symbol which readily identified Defendant, MultiCam, Inc., as the apparent and/or actual manufacturer of the product;

(q) vicarious liability as an apparent manufacturer of the subject MultiCam CNC Cutting Machine pursuant to the Restatement (Second) of Torts §400; and

(r) any other acts or omissions that may be revealed during discovery.

18.     The accident described herein was due in no manner to negligence, wrongdoing or product misuse on the part of the Plaintiff.

19.     At all times relevant hereto, Defendant's aforesaid MultiCam CNC Cutting Machine and its component parts were defective and unsafe for consumer use.

20.     At all times relevant hereto, there were latent defects in the Defendant's aforesaid MultiCam CNC Cutting Machine and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

21.     The Defendant designed, manufactured, apparently manufactured, distributed, licensed and/or sold the aforesaid MultiCam CNC Cutting Machine and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

22.     Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

23.     In addition, Defendant designed, manufactured, apparently manufactured, distributed and/or sold the subject MultiCam CNC Cutting Machine with defective warnings and instructions in violation of the Restatement (Second) of Torts §402(B).

24.     In that regard, the warnings and instructions were not adequately durable, visible, or conspicuous, and failed to convey the risk of harm to the intended users of the aforesaid MultiCam CNC Cutting Machine and its component parts, such as Plaintiff.

25.     The defective warnings and instructions caused Plaintiff's injuries.

26.     Furthermore, Defendant is liable and/or vicariously liable to Plaintiff as an apparent manufacturer of the subject MultiCam CNC Cutting Machine pursuant to the Restatement (Second) of Torts §400.

27.     In that regard, as set forth above and as depicted in the photographs of the subject product attached to this Complaint, the subject MultiCam CNC Cutting Machine involved in Plaintiff's accident was embossed, affixed and/or otherwise labeled with Defendant MultiCam, Inc.'s name/trademark "MultiCam" and symbol.

28.     Defendant, MultiCam, Inc., labeled the subject MultiCam CNC Cutting Machine and/or allowed the subject MultiCam CNC Cutting Machine to be labeled and sold with its name and/or trademark and/or symbol which readily identified Defendant MultiCam, Inc. as the apparent and/or actual manufacturer of the product.

29.     As such, Defendant, MultiCam, Inc., could reasonably expect end users and consumers to purchase the subject product in reliance upon the reputation associated with Defendant MultiCare, Inc.'s name and Defendant put out the subject product as its own product.

30.     Defendant, MultiCam, Inc., is therefore subject to the same liability as though it was the actual manufacturer of the subject MultiCam CNC Cutting Machine pursuant to the

apparent manufacturer doctrine and Restatement (Second) of Torts §400 and is vicariously liable for causing Plaintiff's injuries and damages.

31.     As a result of the aforementioned conduct of the Defendant, Plaintiff, Gregory Fox, suffered severe and permanent injuries, including but not limited to, a severe laceration of his right forearm requiring surgery and five sutures, permanent nerve damage in his right wrist and forearm, and pain in the right forearm, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system.

32.     As a result of the aforesaid conduct of Defendant, Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

33.     As a further result of the aforesaid conduct of Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

34.     As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

35.     Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

36.     As a further result of the accident described herein, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

37.     As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

38.     As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering, and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Gregory Fox, demands judgment in his favor and against Defendant, MultiCam, Inc., in an amount in excess of One-Hundred-Fifty Thousand Dollars ($150,000.00).

**COUNT II**
**GREOGRY FOX v. MULTICAM, INC.**
**<u>PRODUCTS LIABILITY - NEGLIGENCE</u>**

39.     Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-eight (38) of the within Complaint as though the same were fully set forth at length herein.

40.     At all times material hereto, Defendant, MultiCam, Inc., owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing, licensing, manufacturing and apparently manufacturing the aforesaid MultiCam CNC Cutting Machine and its component parts, and to sell and/or distribute that product in a reasonably safe condition.

41.     The Defendant was negligent in designing, manufacturing, apparently manufacturing, assembling, marketing, licensing, distributing and/or selling the defectively designed and manufactured MultiCam CNC Cutting Machine and its component parts, which consisted of the following:

> (a) carelessly and negligently designing, manufacturing, apparently manufacturing, supplying, assembling, distributing, licensing and/or selling the subject MultiCam CNC Cutting Machine and its component parts in a defective and dangerous condition so as to cause injury to the Plaintiff;

(b) carelessly and negligently failing to implement a safe system for ensuring the subject MultiCam CNC Cutting Machine and its component parts could be used safely by ordinary consumers/end users of the product, such as Plaintiff;

(c) carelessly and negligently failing to design, manufacture, apparently manufacture, assemble, distribute, license and/or sell the subject MultiCam CNC Cutting Machine with durable component parts able to withstand normal use;

(d) carelessly and negligently failing to recognize the inherent possibility that the subject MultiCam CNC Cutting Machine and its component parts could malfunction and/or fail;

(e) carelessly and negligently failing to properly equip the subject MultiCam CNC Cutting Machine and its component parts with proper safety equipment and/or mechanisms to prevent the type of accident which caused Plaintiff's injuries;

(f) failing to ensure that the subject MultiCam CNC Cutting Machine and its component parts could be used in a manner which would not cause a danger to end users, such as the Plaintiff;

(g) failing to use industry-recognized safety specifications in the design of the subject MultiCam CNC Cutting Machine;

(h) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(i) failing to exercise the requisite degree of care and caution in the design, manufacture, apparent manufacture, assembly, distribution, licensing and/or sale of the subject MultiCam CNC Cutting Machine and its component parts;

(j) failing to warn purchasers and end users of the dangers of the subject MultiCam CNC Cutting Machine;

(k) failing to properly and adequately test the subject MultiCam CNC Cutting Machine;

(l) failing to properly and adequately inspect the subject MultiCam CNC Cutting Machine;

(m) failing to recall or otherwise remove from retail the subject MultiCam CNC Cutting Machine because of its defective and dangerous condition prior to Plaintiff's accident;

(n) failing to ensure that the subject MultiCam CNC Cutting Machine was safe and free from hidden defects;

(o) failing to identify and correct dangerous and defective conditions in the subject MultiCam CNC Cutting Machine;

(p) failing to take timely action to warn end consumers or otherwise remedy the defective design, manufacture and/or apparent manufacture of the subject MultiCam CNC Cutting Machine, which should have been known to the Defendant prior to the date of Plaintiff's accident;

(q) embossing, affixing and/or otherwise labeling the subject MultiCam CNC Cutting Machine and its component parts with Defendant MultiCam, Inc's name/trademark "MultiCam" and symbol;

(r) allowing the subject MultiCam CNC Cutting Machine and its component parts to be embossed, affixed and/or labeled and sold with Defendant MultiCam, Inc's name/trademark "MultiCam" and symbol, which readily identified Defendant MultiCam, Inc. as the apparent and/or actual manufacturer of the product;

(s) vicarious liability as an apparent manufacturer of the subject MultiCam CNC Cutting Machine pursuant to the Restatement (Second) of Torts §400; and

(t) any other acts or omissions that may be revealed during discovery.

42.     The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to any negligence, wrongdoing or product misuse on the part of the Plaintiff.

43.     As a result of the aforesaid conduct of Defendant, Plaintiff suffered the injuries described in paragraphs thirty-one (31) through thirty-eight (38) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Gregory Fox, demands judgment in his favor and against Defendant, MultiCam, Inc., in an amount in excess of One-Hundred-Fifty Thousand Dollars ($150,000.00).

## COUNT III
## GREGORY FOX v. MULTICAM, INC.
## <u>BREACH OF WARRANTY</u>

44.     Plaintiff hereby incorporates paragraphs one (1) through forty-three (43) of the within Complaint as though the same were fully set forth at length herein.

45.     By virtue of the manufacture, apparent manufacture, distribution, licensing and/or sale of the subject MultiCam CNC Cutting Machine for use by an end user and/or consumer, Defendant, MultiCam, Inc., warranted to Plaintiff that the subject product was safe, merchantable and fit for its intended use.

46.     The subject MultiCam CNC Cutting Machine, in fact, was not safe, merchantable or fit for the ordinary purposes for which it was intended to be used, in that it was defective and unreasonably dangerous, rendering it unsafe for the foreseeable uses for which it was designed, manufactured, licensed and/or sold.  Plaintiff was a foreseeable user of the subject product and could reasonably be expected to be injured by the subject product.

47.     As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the subject MultiCam CNC Cutting Machine and its component parts were merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

48.     As a result of the aforesaid conduct of Defendant, Plaintiff suffered the injuries described in paragraphs thirty-one (31) through thirty-eight (38) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Gregory Fox, demands judgment in his favor and against Defendant, MultiCam, Inc., in an amount in excess of One-Hundred-Fifty Thousand Dollars ($150,000.00).

**COUNT IV**
**GREGORY FOX v. JOHN DOES 1-5, FICTITIOUS DEFENDANT(S)**
**PRODUCTS LIABILITY – STRICT LIABILITY**

49.     Plaintiff hereby incorporates by reference paragraphs one (1) through forty-eight (48) of the within Complaint as though the same were fully set forth at length herein.

50.     Defendant(s), John Does 1-5, Fictitious Defendant(s), designed, manufactured, apparently manufactured, sold and/or placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d, 399 (Pa. 2014).   More specifically, the Defendant designed, manufactured, apparently manufactured, sold and/or placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

51.     Defendant(s), John Does 1-5, Fictitious Defendant(s), designed, manufactured, apparently manufactured, prepared, assembled, tested, maintained, promoted, marketed, imported, licensed, distributed and/or sold the aforementioned MultiCam CNC Cutting Machine and/or its component parts, including all instruction manuals and associated warnings, which caused Plaintiff's accident and injuries.

52.     The accident described herein was caused solely and exclusively by the John Doe Defendant(s)'s defective design, assembly, manufacture, apparent manufacture, licensing, distribution and/or sale of the aforesaid MultiCam CNC Cutting Machine and its component parts.

53.     Defendant(s), John Does 1-5, Fictitious Defendant(s) is/are strictly liable to Plaintiff as follows:

(a) designing, manufacturing, apparently manufacturing, assembling, licensing, distributing and/or selling the subject MultiCam CNC Cutting Machine and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

(b) failing to properly design, manufacture, apparently manufacture, assemble, license, distribute and/or sell the subject MultiCam CNC Cutting Machine with durable component parts able to withstand normal use;

(c) failing to properly design, manufacture, apparently manufacture, assemble, license, distribute and/or sell the subject MultiCam CNC Cutting Machine and its component parts to include an effective and durable safeguard to prevent the accident described above which caused Plaintiff's injuries;

(d) failing to properly equip the subject MultiCam CNC Cutting Machine and its component parts with appropriate safety mechanisms to prevent the accident described above which caused Plaintiff's injuries;

(e) failing to properly design, manufacture, apparently manufacture, assemble, license, distribute and/or sell the subject MultiCam CNC Cutting Machine and its component parts to warn users of the potential for the type of accident described above which caused Plaintiff's injuries;

(f) creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(g) failing to exercise the requisite degree of care and caution in the design, manufacture, apparent manufacture, assembly, licensing, design, distribution and/or sale of the subject MultiCam CNC Cutting Machine and its component parts;

(h) failing to ensure that the subject MultiCam CNC Cutting Machine was safe and free from hidden defects;

(i) failing to properly inspect, test, identify and correct dangerous and defective conditions in the subject MultiCam CNC Cutting Machine;

(j)  failing to ensure that the subject MultiCam CNC Cutting Machine and its component parts could be used in a manner which would not cause a danger to potential ordinary consumers/users of the product, such as the Plaintiff;

(k)  failing to warn purchases and end users of the dangers of the subject product;

(l)  failing to take timely action to warn end consumers/users or otherwise remedy the defective design, manufacture and/or assembly of the subject product, which should have been known to the Defendant prior to the date of Plaintiff's accident;

(m) failing to use industry-recognized safety specifications in the design and manufacture of the subject MultiCam CNC Cutting Machine;

(n)  embossing, affixing and/or otherwise labeling the subject MultiCam CNC Cutting Machine and its component parts with Defendant(s)'s name/trademark and/or symbol;

(o)  allowing the subject MultiCam CNC Cutting Machine and its component parts to be embossed, affixed and/or labeled and sold with Defendant(s) name/trademark and/or symbol which readily identified Defendant(s) as the apparently and/or actual manufacturer of the product;

(p)  vicarious liability as an apparently manufacturer of the subject MultiCam CNC Cutting Machine pursuant to the Restatement (Second) of Torts §400; and

(q)  any other acts or omissions that may be revealed during discovery.

54.    The accident described herein was due in no manner to negligence, wrongdoing or product misuse on the part of the Plaintiff.

55.    At all times relevant hereto, Defendant(s)'s aforesaid MultiCam CNC Cutting Machine and its component parts were defective and unsafe for consumer use.

56.    At all times relevant hereto, there were latent defects in the Defendant(s)'s aforesaid MultiCam CNC Cutting Machine and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

57.     The Defendant(s) designed, manufactured, apparently manufactured, distributed, licensed and/or sold the aforesaid MultiCam CNC Cutting Machine and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

58.     Defendant(s) is/are strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

59.     In addition, Defendant(s) designed, manufactured, apparently manufactured, distributed and/or sold the subject MultiCam CNC Cutting Machine with defective warnings and instructions in violation of the Restatement (Second) of Torts §402(B).

60.     In that regard, the warnings and instructions were not adequately durable, visible, or conspicuous, and failed to convey the risk of harm to the intended users of the aforesaid MultiCam CNC Cutting Machine and its component parts, such as Plaintiff.

61.     The defective warnings and instructions caused Plaintiff's injuries.

62.     Furthermore, Defendant(s) is/are liable and/or vicariously liable to Plaintiff as an apparent manufacturer of the subject MultiCam CNC Cutting Machine pursuant to the Restatement (Second) of Torts §400.

63.     As a result of the aforesaid conduct of John Doe Defendant(s), Plaintiff suffered the injuries described in paragraphs thirty-one (31) through thirty-eight (38) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Gregory Fox, demands judgment in his favor and against Defendant(s), John Does 1-5, Fictitious Defendant(s), in an amount in excess of One-Hundred-Fifty Thousand Dollars ($150,000.00).

.

**COUNT V**
**GREGORY FOX v. JOHN DOES 1-5, FICTITIOUS DEFENDANT(S)**
<u>**PRODUCTS LIABILITY - NEGLIGENCE**</u>

64.     Plaintiff hereby incorporates by reference paragraphs one (1) through sixty-three (63) of the within Complaint as though the same were fully set forth at length herein.

65.     At all times material hereto, Defendant, John Does 1-5, Fictitious Defendant(s), owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing, licensing, manufacturing and apparently manufacturing the aforesaid MultiCam CNC Cutting Machine and its component parts, and to sell and/or distribute that product in a reasonably safe condition.

66.     The Defendant was negligent in designing, manufacturing, apparently manufacturing, assembling, marketing, licensing, distributing and/or selling the defectively designed and manufactured MultiCam CNC Cutting Machine and its component parts, which consisted of the following:

> (a) carelessly and negligently designing, manufacturing, apparently manufacturing, supplying, assembling, distributing, licensing and/or selling the subject MultiCam CNC Cutting Machine and its component parts in a defective and dangerous condition so as to cause injury to the Plaintiff;

> (b) carelessly and negligently failing to implement a safe system for ensuring the subject MultiCam CNC Cutting Machine and its component parts could be used safely by ordinary consumers/end users of the product, such as Plaintiff;

> (c) carelessly and negligently failing to design, manufacture, apparently manufacture, assemble, distribute, license and/or sell the subject MultiCam CNC Cutting Machine with durable component parts able to withstand normal use;

> (d) carelessly and negligently failing to recognize the inherent possibility that the subject MultiCam CNC Cutting Machine and its component parts could malfunction and/or fail;

(e)  carelessly and negligently failing to properly equip the subject MultiCam CNC Cutting Machine and its component parts with proper safety equipment and/or mechanisms to prevent the type of accident which caused Plaintiff's injuries;

(f)  failing to ensure that the subject MultiCam CNC Cutting Machine and its component parts could be used in a manner which would not cause a danger to end users, such as the Plaintiff;

(g)  failing to use industry-recognized safety specifications in the design of the subject MultiCam CNC Cutting Machine;

(h)  carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(i)  failing to exercise the requisite degree of care and caution in the design, manufacture, apparent manufacture, assembly, distribution, licensing and/or sale of the subject MultiCam CNC Cutting Machine and its component parts;

(j)  failing to warn purchasers and end users of the dangers of the subject MultiCam CNC Cutting Machine;

(k)  failing to properly and adequately test the subject MultiCam CNC Cutting Machine;

(l)  failing to properly and adequately inspect the subject MultiCam CNC Cutting Machine;

(m) failing to recall or otherwise remove from retail the subject MultiCam CNC Cutting Machine because of its defective and dangerous condition prior to Plaintiff's accident;

(n)  failing to ensure that the subject MultiCam CNC Cutting Machine was safe and free from hidden defects;

(o)  failing to identify and correct dangerous and defective conditions in the subject MultiCam CNC Cutting Machine;

(p)  failing to take timely action to warn end consumers or otherwise remedy the defective design, manufacture and/or apparent manufacture of the subject MultiCam CNC Cutting Machine, which should have been known to the Defendant(s) prior to the date of Plaintiff's accident;

(q) embossing, affixing and/or otherwise labeling the subject MultiCam CNC Cutting Machine and its component parts with Defendant(s)'s name, trademark and/or symbol;

(r) allowing the subject MultiCam CNC Cutting Machine and its component parts to be embossed, affixed and/or labeled and sold with Defendant(s)'s name, trademark and/or symbol, which readily identified Defendant(s) as the apparent and/or actual manufacturer of the product;

(s) vicarious liability as an apparent manufacturer of the subject MultiCam CNC Cutting Machine pursuant to the Restatement (Second) of Torts §400; and

(t) any other acts or omissions that may be revealed during discovery.

67.     The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to any negligence, wrongdoing or product misuse on the part of the Plaintiff.

68.     As a result of the aforesaid conduct of Defendant, Plaintiff suffered the injuries described in paragraphs thirty-one (31) through thirty-eight (38) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Gregory Fox, demands judgment in his favor and against Defendant(s), John Does 1-5, Fictitious Defendants in an amount in excess of One-Hundred-Fifty Thousand Dollars ($150,000.00).

**COUNT VI**
**GREGORY FOX v. JOHN DOES 1-5, FICTITIOUS DEFENDANT(S)**
**BREACH OF WARRANTY**

69.     Plaintiff hereby incorporates paragraphs one (1) through sixty-eight (68) of the within Complaint as though the same were fully set forth at length herein.

70.     By virtue of the manufacture, apparent manufacture, distribution, licensing and/or sale of the subject MultiCam CNC Cutting Machine for use by an end user and/or consumer,

Defendant(s), John Does 1-5, Fictitious Defendant(s), warranted to Plaintiff that the subject product was safe, merchantable and fit for its intended use.

71.     The subject MultiCam CNC Cutting Machine, in fact, was not safe, merchantable or fit for the ordinary purposes for which it was intended to be used, in that it was defective and unreasonably dangerous, rendering it unsafe for the foreseeable uses for which it was designed, manufactured, licensed and/or sold.  Plaintiff was a foreseeable user of the subject product and could reasonably be expected to be injured by the subject product.

72.     As a result of the foregoing, Defendant(s) is/are liable to the Plaintiff for the breach of express and/or implied warranties that the subject MultiCam CNC Cutting Machine and its component parts were merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

73.     As a result of the aforesaid conduct of Defendant(s), Plaintiff suffered the injuries described in paragraphs thirty-one (31) through thirty-eight (38) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Gregory Fox, demands judgment in his favor and against Defendant(s), John Does 1-5, Fictitious Defendants, in an amount in excess of One-Hundred-Fifty Thousand Dollars ($150,000.00).

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims.

Respectfully,

**SWARTZ CULLETON PC**


By:    /s/Brandon A. Swartz
Brandon A. Swartz, Esquire
Identification No. 78344
Bryan M. Ferris, Esquire
Identification No. 93105

547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557
bswartz@swartzculleton.com
bferris@swartzculleton.com

*Attorneys for Plaintiff,*
Gregory Fox

Date:  October 25, 2022

EXHIBIT A



EXHIBIT B



**VERIFICATION**

I, _____, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.   The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.